NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1887.

MATTER OF McGOVERN.

*In the matter of the estate of* PHILIP McGOVERN, *deceased.*

After a special proceeding for the probate of a will has been transferred to the court of Common Pleas, pursuant to Code Civ. Pro., § 2547, as amended in 1886, the Surrogate cannot be called upon, under id., § 2618, to determine the question of the materiality of the testimony of a witness whom contestant desires to examine at the trial.

*It seems,* that an order is never necessary for the production of witnesses, under the section last cited.

As to whether the provisions of § 2618, relating to the filing of a notice requiring the examination of witnesses to a will are applicable to the trial of probate controversies in the court of Common Pleas, *quære*.

APPLICATION for order requiring proponents of decedent's will to produce and examine witness on trial.

LEWIS SANDERS, *for the motion.*

RICE & BIJUR, *for proponents.*

THE SURROGATE.—A proceeding for the probate of an instrument purporting to be this decedent's will was lately transferred to the court of Common Pleas, in accordance with the provisions of § 2547 of the Code of Civil Procedure. Counsel for the contestants now make application in this court for an order requiring the proponents to produce and examine, at the trial in the court of Common Pleas, certain witnesses, whose testimony is claimed to be " material " within the meaning of § 2618 of the Code.

That section provides that " any party who contests the probate of a will may, by a notice filed with the Surrogate at any time before the proofs are closed, require the examination of all the subscribing witnesses to a written will or of any other witness whose testimony the Surrogate is satisfied may be material; in which case all such witnesses, who are within the State and competent and able to testify, *must* be so examined." Here, it will be observed, is a specification of two classes of witnesses; the first class consisting of subscribing witnesses to the will in controversy, and the second class consisting of persons, *not* subscribing witnesses, whose testimony may be deemed material by the Surrogate.

Now it is plain that, as regards subscribing witnesses, no order can ever be necessary for their production. By the very act of filing the notice prescribed in § 2618, a contestant in a probate controversy before the Surrogate may effectually prevent the establishment of a will until all its subscribing witnesses (if within the State and competent to testify) shall have been examined.

The examination of any particular person or persons, other than subscribing witnesses, is an essential prerequisite to probate in this court, only when the Surrogate is satisfied that the testimony of such witnesses may be material. When he has declared himself so satisfied, the witnesses who can give such material testimony must be brought before him and examined, unless they are absent from the State or incompetent or unable to testify. No order is necessary for the production of such witnesses. The practical burden of producing them must fall, as I held in Hoyt v. Jackson (2 *Dem.*, 450), upon parties proponent, "not because the statute so declares, for it does not, but because as it fails to impose the duty upon parties contestant, they can rest securely upon the fact that until such witnesses have been produced and examined the will cannot be admitted to probate."

It follows that the application of the contestants in the case at bar must be denied.

If the probate proceeding were pending to-day in this court, I could be asked, under § 2618 to determine this question and this only: whether the testimony of the persons whose production as witnesses is here sought may be material; and that question if it

is now to be passed upon at all, must be passed upon in the court of Common Pleas.

As to the applicability or non-applicability of the provisions of § 2618 to the trial in that tribunal of probate controversies transferred from this I intimate no opinion.